Warren Automobile Club, Inc. v. Commissioner.
Warren Auto. Club, Inc. v. Commissioner
Docket No. 12702.
United States Tax Court
1949 Tax Ct. Memo LEXIS 156; 8 T.C.M. (CCH) 577; T.C.M. (RIA) 49146; June 14, 1949
*156 Irwin G. Stirgwolt, Esq., for the petitioner. Clarence E. Price, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income and declared value excess profits taxes for the year ended March 31, 1944, in the respective amounts of $510.47 and $2.76, and a penalty of $128.31, for failure to file a return within the time prescribed by law. The principal issue is whether the petitioner is exempt from tax under section 101 (9) of the Internal Revenue Code. Petitioner further alleges, in the alternative, that the respondent erred in including in its gross income certain fees which, it alleges, were in fact gifts, and in not allowing adequate depreciation on furniture and fixtures. Findings of Fact The petitioner is an Ohio corporation, with its principal place of business located at Warren, Ohio. Its return for the taxable year ended March 31, 1944, was filed with the collector of internal revenue for the 18th district of Ohio. The petitioner was organized as a nonprofit corporation under the general corporation laws of the State of Ohio in 1916 for the declared purpose of "promoting *157 the interest of the motoring public." Article II of the petitioner's constitution provides that: "Object "The object of this organization shall be to promote the improvement and maintenance of the public highways, to protect its members in the use and enjoyment thereof, to collect, compile and distribute touring and highway information, to promote a uniform system of road marking and sign posting, to assist in the enactment of good and beneficial laws affecting the rights, duties, privileges and obligations of owners and users of motor vehicles and to do any and all things necessary and incident thereto." As to membership the petitioner's by-laws provide that: "The membership of the Club shall be unlimited. Anyone is eligible of good character, who is interested in automobiling and the furtherance of good roads." Actually, the membership is limited to individuals who own pleasure or passenger automobiles, as distinguished from trucks. The members pay a fee of dues of $10 per year each. These dues constitute petitioner's chief source of income. The members annually elect a board of trustees which constitutes petitioner's governing body. In such election each member is entitled *158 to one vote. There are twelve trustees, four of whom are elected each year to serve for a term of three years. The trustees elect a president, vice president, secretary-treasurer and manager for one year terms. No salaried official can serve as a trustee. The petitioner is a member of the Ohio State Automobile Association, located at Columbus, Ohio, which is affiliated with the American Automobile Association, and by virtue of such membership the petitioner holds exclusive automobile club rights in Trumbull County, Ohio. The population of the County of Trumbull is about 175,000 and of the City of Warren about 50,000. Petitioner's membership at the beginning of its taxable year 1944 numbered approximately 1,700. The petitioner performs the usual automobile club services for its members, such as furnishing them road maps and various kinds of tourist information and emergency road service. These services were performed by various garages under contract with the petitioner. An application for membership card distributed by its sales department headed "Many Good Reasons Why You Should Join" lists the following items: Emergency Gasoline Delivery Service Tire Changing Service (inflated *159 spare from rack to wheel) Emergency Battery Rental Delivery Service Emergency Towing Service Emergency Wrecker Service
Free Car Unlocking Service Emergency Roadside Repairs Theft Protection - $25.00 Reward AAA Club Emblem $1,000 Personal Auto Accident Policy $100 Emergency Identification Aid $10 Weekly Indemnity up to 30 weeks for total disability $5,000 Bail Bond - Our Members Get Bail - Not Jail License Plate Service Claim and Adjustment Service Free Notary Public Service Monthly Club Magazine Reciprocal Membership in over 850 AAA Clubs located in every section of the United States
Elimination of Speed Traps State and National Legislation favorable to Motorists Traffic and Highway Regulations Safety Education and Enforcement Sponsoring School Safety Patrols Development and Improvement of Highways Highway Beautification Movement Straightening of Highways Grade Crossing Eliminations Current Information on Highway Conditions Accurate Information on Motor Vehicle Laws & Regulations Civic Betterment United Strength and Protection for Motorists - Over One Million Members belong to the AAA
Over 10,000 Official AAA Garages ready *160 to Serve You Over Fifteen Official AAA Garages in Trumbull County
Free Touring Information at any AAA Club
Cooperation with State, County and City Officials The World's Finest and most complete Travel Service
AAA Club Directory AAA Official Motor Courts Directory AAA Official Hotel Directory AAA Official Garage Directory State and Sectional Maps N.E., S.E., and Western Tour Books Uniform Motor Vehicle Laws Prestige of Belonging to the World's Largest Non-Profit Organization Maintained by and for Better Motor Citizens Promoting Trumbull County as a Safer and Better Place in which to Live Economy Pleasure Convenience Protection The AAA Motor Club - A friend indeed - when you are in need Each member also receives an accident insurance policy providing nominal benefits for different types of injuries and a maximum death benefit of $1,000. The cost of this insurance to the petitioner is about $1.71 per member. In addition to the personal services rendered its members the petitioner takes an active part in all civic matters concerning the use of automobiles. It sponsors safety programs for the community and public schools for the county; helps to train *161 and equip school board controls, shows safety motion pictures in the schools and other public gatherings, provides traffic and warning signs for school zones, as well as dangerous points on the highways, furnishes the local newspapers with releases pertaining to safety in automobile driving and takes an interest generally in all matters of interest to the automobile owners of its territory. The petitioner's income for the year ended March 31, 1944, totaled $31,950.58, consisting of membership fees, $21,705; license fees, $3,901.50; drivers' and chauffeurs' license fees, $2,794.42; membership insurance, $1,378; and several small items of less than $500 each. Petitioner's disbursements for the year totaled $29,409.63 and included the following major items: Road service and garage expense
$2,052.50
Accident insurance for members (cost)
3,736.85
State and national dues
1,365.00
Ohio Motor Travel (magazine cost)
1,303.96
Commissions on memberships
3,611.01
Salary - Manager
3,475.00
Salaries - Office
4,234.35
Rent
1,550.00
Trustees' fees
765.00
Printing
625.57
Extra labor expense issuing auto and
drivers' licenses
2,098.87
The petitioner's balance *162 sheet showed total assets at the beginning of the taxable year of $24,041.44, consisting of $15,216.12 cash, $5,000 United States bonds, $675 inventory, and depreciable assets of approximately $3,100. It showed no liabilities. The petitioner is holding its cash reserve as a building fund to erect or purchase an administration building. It is now occupying a single room or hall approximately 15 by 70 feet in which all of its personnel and equipment are located. The petitioner has not at any time engaged in the selling of merchandise or operating a garage or service station for its members, or others, as a commercial enterprise. It has never made any distribution of profits in cash or property to any persons. An income and declared value excess-profits tax return was filed by the petitioner, under protest, for the fiscal year ended March 31, 1944, on June 13, 1945. The return stated, on its face, that exemption was claimed under section 101(9) of the Internal Revenue Code. It showed the items of income and expenditures referred to above, but contained no computation of tax liability. The respondent determined income and declared value excess-profits tax deficiencies *163 and penalties, as set out above. Opinion LEMIRE, Judge: The petitioner claims exemption from tax under section 101(9) of the Internal Revenue Code. That section provides that: "The following organizations shall be exempt from taxation under this chapter - * * *
"(9) Clubs organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder." The facts in this case are not distinguishable in any material respect, or at least in any respect favorable to the petitioner, from those in Chattanooga Automobile Club, promulgated June 8, 1949, 12 TC 967 [Dec. 17,021], in which we held that an automobile club affiliated with the American Automobile Association, as was this petitioner, was not exempt under section 101(9), Internal Revenue Code, from federal income tax. The ruling in that case, we think, is binding on us in the instant case, and we accordingly sustain the respondent's determination. The petitioner, in its brief, has not made any argument, or requested any findings of fact, on the so-called *164 alternative issues mentioned above and presumably has abandoned them. In any event, there are no facts of record upon which we could determine that the respondent's computation of petitioner's taxable income is in error. Respondent's determination must therefore be sustained. Decision will be entered for the respondent.